# In the United States Court of Federal Claims

No. 19-244C
Filed: September 29, 2021

| |
|---|
| **E&I GLOBAL ENERGY SERVICES. INC., et al.** |
| *Plaintiffs*, |
| v. |
| **THE UNITED STATES,** |
| *Defendant*. |

*Joseph Whitcomb*, Whitcomb, Selinsky, P.C., Denver, CO, for Plaintiff.

*Christopher L. Harlow*, Trial Attorney, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., with whom were *Thomas Cardova*, and *Trevor Upderaff*, Western Area Power Association, Denver, CO, Of Counsel, for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

Before the Court is the United States' pretrial Motion in Limine. (Def.'s Mot. in Lim., ECF No. 77). A party may submit a motion in limine prior to or during trial, but before the introduction of evidence. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The practice arises from the trial court's inherent authority to manage trials. *Id.* The utility of these motions in bench trials sometimes generates strong, even disdainful, reactions.

Here, Plaintiffs generally argue that in bench trials, motions in limine are of limited value or unnecessary altogether. (Pls.' Resp., ECF No. 80). In support, Plaintiffs cite to several cases from other jurisdictions, including *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001). In that case, the court wrote that in bench trials, "any motion in limine [is] asinine on its face." *Cramer*, 141 F. Supp. 2d at 733. This strident proposition is predicated upon the lack of a jury and the notion that a trial court can "readily exclude from its consideration inappropriate evidence of whatever ilk." *Id*. The Court respectfully disagrees.

In many instances, the decision about the admission of evidence should be deferred until trial. These instances usually involve brief, uncomplicated trials or thornier inquiries where it behooves the Court to properly evaluate relevance, probative value, and prejudice of proffered evidence in the context of other evidence introduced during trial. In those cases, motion in limine may be unnecessary. However, categorically discarding this arrow from a trial court's quiver is imprudent. Recently, Judge Campbell-Smith succinctly described the utility of these motions:

> A motion in limine functions to prevent a party before trial from encumbering

the record with irrelevant, immaterial or cumulative matters. Such motions permit the court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial. As the United States Court of Appeals for the Federal Circuit has noted, however, "in limine rulings are preliminary in character because they determine the admissibility of evidence before the context of trial has actually been developed." Accordingly, rulings on motions in limine are subject to change as the case unfolds.

*Univ. of S. Fla., Bd. of Tr. v. United States*, 153 Fed. Cl. 383, 385 (2021) (cleaned up).

With regard for the many caveats which affect the timing of an evidentiary ruling, the Court concurs that motions in limine often serve useful purposes, even in bench trial. Pre-trial rulings regarding admissibility permit the trial court to consider complicated evidentiary concerns in a deliberative manner informed by appropriate briefing. Pre-trial rulings also permit review of disputed documents in-camera, rather than in the frenetic environment of trial. Reasoned review in advance of trial, in appropriate instances, provides a fulsome record for review, facilitates a more precise evaluation of litigation exposure by the parties prior to incurring the expense of trial, and can be modified as necessary as the context of additional evidence adduced at trial further informs the court. *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) ("The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.") (internal quotation omitted). These are laudable goals and demonstrate why pre-trial motions in limine are advantageous in appropriate instances.

Much of the detail of this case is recited in the Court's prior opinions. *E&I Glob. Energy Servs., Inc. v. United States*, 153 Fed. Cl. 459 (2021) (docketed at ECF No. 61); *E & I Glob. Energy Servs., Inc. v. United States*, 144 Fed. Cl. 508 (2019) (docketed at ECF No. 16), *reconsideration denied sub nom. E&I Glob. Energy Servs., Inc. v. United States*, 152 Fed. Cl. 524 (2021) (docketed at ECF No. 57). At its core, this case involves a contract dispute arising from the Western Area Power Association's ("WAPA") construction of a high voltage substation in South Dakota. (Compl. at ¶ 1, ECF No. 1). Plaintiffs, E&I Global Energy Services, Inc. and E&C Global, LLC (collectively "E&I"), sought damages totaling $3,600,000 for breach of contract and injunctive relief to convert a termination for default into a termination for convenience. (*Id.* at ¶ 36). The Court dismissed Counts I-III of the Complaint, stating claims for breach of the implied duty of good faith, fraudulent inducement, and misrepresentation, pursuant to RCFC 12(b)(6) in 2019. *E & I Glob. Energy Servs., Inc.*, 144 Fed. Cl. at 515–16. The Court predicated that dismissal in part on E&I's voluntary payments to subcontractors and materialmen absent a demand from WAPA to do so. *Id.* at 514. Most recently, the Court granted partial summary judgment to the United States on multiple claims but reserved for trial three issues involving claimed damages of approximately $316,000. *E&I Glob. Energy Servs., Inc.*, 153 Fed. Cl. 459 (docketed at ECF No. 61); (*see also* Pl.'s Pretrial Memo, ECF No. 75).

The United States now moves in limine to exclude: (1) exhibits that E&I failed to produce in discovery; and (2) E&I's proposed "offer of proof" consisting of testimony about the failure of the United States to produce relevant drawings and conversations between employees of E&I and the Contracting Officer ("CO") regarding approval of work performed under the

contract. (Def.'s Mot. in Limine, at 1, 4 (citing Pl.'s Pre-Trial Memo at 10–11)). Lastly, the United States' motion seeks a general proscription against E&I adducing evidence exceeding the issues reserved for trial. (Def.'s Mot. in Lim. at 1). The United States' latter request is easily disposed of because E&I agrees. (Pl.'s Resp. at 1). The Court has previously delineated the issues requiring trial and the evidence will be limited accordingly.

As the United States tells it, E&I seeks to produce approximately 13,000 pages at trial that it did not previously produce during discovery. (Def.'s Mot. in Lim. at 2). The United States urges the Court to exclude those documents. (*Id*. at 3 (citing RCFC 26)). E&I responds that its unproduced documents were all provided by WAPA pursuant to a non-party subpoena in another case. (Pl.'s Resp. at 4–5). E&I also discusses a document management system error that affected the identification of those documents. (*Id*.). The United States disputes that explanation, claiming instead that the bulk of these documents were created by E&I. (Def.'s Reply at 2, ECF No. 82). However, the United States concedes that if E&I can demonstrate there are no discrepancies between the set of documents produced during discovery and set of the documents identified as trial exhibits then the United States' motion in this regard would be mooted. (*Id*. at 2–3).

At this stage, the Court does not have sufficient information on which to issue a decision and defers this issue for later proceedings. At trial, E&I must demonstrate a sufficient foundational basis, relevance to the issues at trial, and—presumably—that the proffered documents were previously produced during discovery or that production was somehow unnecessary. *Peters v. United States*, 408 F.2d 719, 737 (Fed. Cir. 1969) (Skelton, J. dissenting) ("A basic rule of evidence is that the party offering testimony has the burden of the evidence to see that it is admissible.").

The United States also moves to exclude E&I's "offer of proof." (Def.'s Mot. in Lim. at 4). "In district court litigation, a party dissatisfied with a ruling excluding evidence is allowed to make an offer of proof to preserve error." *Ultratec, Inc. v. CaptionCall, LLC*, 872 F.3d 1267, 1274 (Fed. Cir. 2017). E&I counters that it was unaware that certain documents existed until WAPA's production in 2021. (Pl.'s Resp. at 8). E&I also states that during its proffer, E&I will offer evidence of the "proverbial rise and fall" of its predecessor contract and the CO's harassment of the completion surety to sign a completion agreement with E&I. (*Id.* at 8–9). E&I's offer of proof will also involve "several witnesses" who will testify regarding the CO's motivation "to get the completion contract" below the $5.6 million remaining on the original contract. (*Id*. at 10). This information, which E&I characterizes as newly discovered, will be supplemented by additional testimony suggesting that the preceding contractor's records "were in shambles" and thus E&I relied upon WAPA's fraudulent categorical statements in making its decision to bid. (*Id*. at 11). Ominously, E&I states this is a "*portion* of the proof E&I intends to offer to the Court." (*Id*.) (emphasis added).

Avowals are authorized by Federal Rule of Evidence 103(a). Key here is the language of the rule: "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and . . . if the ruling excludes evidence, the party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." Fed. R. Evid. 103(a). The rule permits an offended party to make an offer of proof when a ruling affects a "substantial right" of the party. The "substantial right" is not unbridled, it must be tethered to some evidentiary event where the rules apply. An offer of proof is an

3

evidentiary mechanism.[1] Therefore, the Court queries whether an offer of proof can be used to preserve the record on matters resolved on the merits months or even years before trial. *See* Fed. R. Evid. 1101 (applicability of the rules).

The Court concludes that an offer of proof may only relate to the issues tried. Federal Rule of Evidence 103 does not contemplate an opportunity for a non-prevailing party to introduce whatever evidence it chooses in disagreement with the scope of trial or the Court's pretrial substantive rulings. A plaintiff's affirmative proof of its claims is due at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (plaintiffs "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."). That deadline is unaffected by a plaintiff's ignorance of certain information, provided "the plaintiff has had a full opportunity to conduct discovery." *Id*. Should it disagree with the trial court's resolution of those interlocutory issues, a plaintiff may vigorously pursue its appellate options. *Hendler v. United States*, 952 F.2d 1364, 1368 (Fed. Cir. 1991) ("As a general proposition, when a trial court disposes finally of a case, any interlocutory rulings 'merge' with the final judgment. Thus both the order finally disposing of the case and the interlocutory orders are reviewable on appeal.").

As noted above, the Court's dismissal of Counts I–III of the Complaint occurred two years earlier.[2] *E & I Glob. Energy Servs., Inc.*, 144 Fed. Cl. at 515–16 (decided Aug. 29, 2019). Earlier this year, the Court declined to reconsider that dismissal. *E&I Glob. Energy Servs., Inc.*, 152 Fed. Cl. at 536 (decided Feb. 22, 2021). Five months ago, the Court granted partial summary judgment to the United States. *E&I Glob. Energy Servs., Inc.*, 153 Fed. Cl. 459 (decided April 15, 2021). The only remaining issues involve specific invoices and claimed damages of approximately $316,000. (Pl.'s Pretrial Memo at 1). It appears that much of what E&I seeks to include within its offer of proof does not relate to the anticipated issues at trial, but instead to the merits of the Court's earlier substantive rulings. That would be an improper use of Fed. R. Evid. 103(a). To reopen litigation and presentation of evidence on previously decided issues, E&I must (successfully) appeal this Court's interlocutory decisions granting the United States' partial motion to dismiss and motion for partial summary judgment. E&I has offered no support for the notion that an offer of proof encompasses whatever wide-ranging documents or testimony it believes may relate to allegations too fragile to survive pre-trial dispositive motions. The record

---

[1] The method by which an offer of proof may be made is not specified within the rule. Practice has developed four methods by which an offer may be made: (1) examination of a witness before the court and subject to cross-examination; (2) a statement of counsel; (3) a written statement of counsel; or (4) a written statement signed by the witness and offered as part of the record. *United States v. Adams*, 271 F.3d 1236, 1241–42 (10th Cir. 2001). The Court is free to comment upon the character or form of the proffer. Fed. R. Evid. 103(c).

[2] As the United States contends, the Court's dismissal of Counts I–III was predicated in part on the express terms of the contract, which precluded such claims, and because any relief lay between E&I and the Sureties. (*See E & I Glob. Energy Servs., Inc.*, 144 Fed. Cl. at 515–16). For the purpose of the United States' motion pursuant to 12(b)(1) and (6), allegations in the Complaint were presumed to be true at the time of the Court's consideration. Based on that, it appears unlikely that much of what E&I proposes to offer is relevant to the legal issue regarding the preclusive effect of the contract's terms.

supporting those decisions already exists and review of those decisions is limited to what was before the Court at the time. *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) ("In general, an appellate court's review is limited to the record presented at the court below."); *Baron Servs., Inc. v. Media Weather Innovations LLC*, 717 F.3d 907, 920 (Fed. Cir. 2013) (Reyna, J. dissenting) ("[A]ppellate review of a district court's grant or denial of summary judgment considers only the evidence that was available to the district court at the time it considered the motion.") (internal quotations and citation omitted).

Moreover, none of those pre-trial decisions involve evidentiary rulings. Given that E&I fails to articulate a trial issue to which the proposed testimony or documents pertains, the Court cannot identify any substantial right affected by exclusion. Fed. R. Evid. 103(a). Accordingly, the proposed offer of proof by presentation of witnesses is denied.

For the foregoing reasons, the United States motion in limine is **GRANTED-IN-PART** and **DENIED-IN-PART**:

(1) Evidence adduced at trial is limited to those issues previously identified by the Court.

(2) E&I's proposed offer of proof is denied to the extent that testimony or those exhibits relate to previously dismissed Counts of the Complaint or claims for which summary judgment was granted.

(3) The remaining issue relating to disputed documents intended to be offered at trial by E&I is reserved pending a determination at trial of relevance, materiality, and foundation.

**IT IS SO ORDERED.**



s/    David A. Tapp
DAVID A. TAPP, Judge